## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| John Chladni aka John Timothy Chladni<br>Diane Chladni aka Diane G Chladni aka Diane<br>Gordon Chaldni fka Diane G Fegley<br>     Debtors | CHAPTER 13 |
| JPMorgan Chase Bank, National Association<br>     Movant<br>vs. | NO. 15-17950 REF |
| John Chladni aka John Timothy Chladni<br>Diane Chladni aka Diane G Chladni aka Diane<br>Gordon Chaldni fka Diane G Fegley<br>     Debtors | 11 U.S.C. Section 362 |
| Frederick L. Reigle, Esq.  Trustee | |

### STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by Movant on Debtors residence is $5,269.71, which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | October 2016 through December 2016 at $1,756.57 |
| **Total Post-Petition Arrears** | **$5,269.71** |

2. Debtors shall cure said arrearages in the following manner;

 a). Counsel for Debtors shall file an Amended Chapter 13 Plan upon entry of the Order granting this Stipulation to include the post-petition arrears of **$5,269.71** along with the pre-petition arrears.

 b). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$5,269.71** along with the pre-petition arrears;

 c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim;

 d). Maintenance of current monthly mortgage payments to Movant thereafter.

3. Should Debtors provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtors and Debtors' attorney of the default in writing and Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtors should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the court and the court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

01/04/2017  23:16    6108663466              CHLADNI                         PAGE  02

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: January 3, 2017                /s/ Denise Carlon, Esquire
                                     Denise Carlon, Esquire
                                     Attorney for Movant
                                     KML Law Group, P.C.
                                     Main Number: (215) 627-1322

Date: 1-23-17                        *(signature)*
                                     Barton G. Knoehenmus, Esq.
                                     Attorney for Debtors

Date: Jan 4, 2017                    *(signature)*
                                     John Chladni aka John Timothy Chladni
                                     Debtor

Date: 1/4/17                         *(signature)*
                                     Diane Chladni aka Diane G Chladni aka
                                     Diane Gordone Chladni fka Diane G Fegley
                                     Debtor

Date: 1/27/17                        *(signature)*
                                     Frederick L. Reigle, Esquire
                                     Chaper 13 Trustee

Approved by the Court this ___ day of _____, 2017. However, the court
retains discretion regarding entry of any further order.

**Date: February 6, 2017**                *(signature)*

                                     Bankruptcy Judge
                                     Richard E. Fehling